**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimbaly Hardwick, | No. CV-26-02785-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Arion Care Solutions, et al., | |
| Defendants. | |

Plaintiff Kimbaly Hardwick filed a complaint and an application for leave to proceed in forma pauperis. The application is granted, which allows the court to determine whether Hardwick has stated any claims for relief. 28 U.S.C. § 1915(e). She has not.

Hardwick previously worked for defendant Arion Care Solutions. In February 2026, Hardwick sued Arion, three Arion employees, and an attorney who had represented Arion. CV-26-992-PHX-KML. The original complaint in that suit was dismissed for failure to state a claim, as were the first and second amended complaints. When dismissing the second amended complaint on April 9, 2026, the court directed entry of judgment in favor of defendants. Judgment was entered the same day. Hardwick filed the present suit on April 22, 2026. (Doc. 1.)

The current complaint asserts claims based on events linked to Hardwick's employment with Arion. (Doc. 1 at 6.) Hardwick names as defendants Arion, the same attorney named in her previous suit, and that attorney's law firm. (Doc. 1 at 6.) There are no allegations of events occurring after the dismissal of Hardwick's earlier suit.

The doctrine of claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (simplified). It applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (simplified). The "identity of claims" requirement does not mean the exact same claims must be presented in the two suits. Rather, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Id.* (simplified).

Hardwick's prior suit and the present suit are based on the same underlying facts involving her employment with Arion and the subsequent legal proceedings involving Arion's counsel. The court entered a final judgment on the merits in the prior suit. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (judgment based on failure to state a claim is on the merits). And the only defendant that is different between the two suits is the Cavanaugh Law Firm. That firm is named as a defendant in this suit but was only mentioned in the previous suit. For purposes of Hardwick's claims, the Cavanaugh Law Firm is in privity with the attorney named as a defendant in the prior suit. To the extent the court can understand Hardwick's current complaint, she has named the law firm as a defendant based exclusively on the same actions by the attorney she alleged in her previous suit. In these circumstances, the interests of the firm and attorney are "closely aligned," if not substantially identical. *F.T.C. v. Garvey*, 383 F.3d 891, 897 n. 5 (9th Cir. 2004). Res judicata bars the present suit and there is no need to grant leave to amend.

/

/

/

/

/

/

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS ORDERED** the Complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 28th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -